## People, etc., ex rel. Z. Neierman et al. v. Walter J. Gibbons et al.

1. MANDAMUS—*Will Not Lie to Compel the Setting Aside of a Change of Venue.*—The better opinion seems to be that mandamus will not lie to compel the setting aside of a change of venue.  This is certainly the better rule where the provisions of an appeal are so generous as in this State.

2. SAME—*Where the Writ Can Not Properly be Issued.*—A court of superior jurisdiction can not properly issue a writ of mandamus to compel an inferior court to do a thing which such inferior court has never been asked to do.

3. CHANGE OF VENUE—*Second Change Before Justices of the Peace.* —A change of venue is a statutory right and there is no provision of the statute authorizing a second change of venue in the same case before a justice of the peace.

Mandamus.—Error to the Superior Court of Cook County.  Heard in the Branch Appellate Court at the March term, 1900.  Affirmed.  Opinion filed November 8, 1900.

Statement.—This is a proceeding by petition for mandamus, wherein it appears that fifteen replevin suits were commenced against relators by fifteen different persons to recover separate property claimed by each of them.  The affidavit in each of said replevin suits was made by one John Sullivan.  Before the trial of said suits was commenced, the relators applied to Walter J. Gibbons, Justice of the Peace, before whom the cases were pending, for a change of venue.  In addition to the averments necessary to establish a right to such change of venue, the relators stated in their affidavits, among other things, that they verily believed they would not get a fair and impartial trial either before Charles H. Hoglund or George H. Woods,

the nearest justices of the peace; that said Justices Hoglund
and Woods were prejudiced in such cases in favor of plaint-
iffs and against defendants.

The relators moved the said Gibbons to grant a change
of venue to some justice of the peace other than said Hog-
lund and said Woods. Said Gibbons denied the motion to
send said causes to some other justice of the peace, but
granted the change of venue therein to said Hoglund, who
was the nearest justice of the peace to said Gibbons.

The relators appeared before said Hoglund, as justice of
the peace, and denied his jurisdiction to hear said cases and
renewed before him their motion for a change of venue in
each of said cases to a disinterested justice of the peace.

It is charged in said petition that said Sullivan, as agent
for the Cook County Bottler's Protective Association, and
the plaintiffs in said replevin suits, had for years patron-
ized three justices of the peace, bringing numerous suits
before them and distributing the business among them,
from which said justices of the peace had collected and
realized large amounts of money " under the guise of costs,"
and that each of said justices are prejudiced against the
relators and are peculiarly interested in the result of said
suits, in order to acquire their costs.

The foregoing appears from the amended petition to
which a general demurrer was sustained. The relators
elected to abide by their amended petition and the same
was thereupon dismissed at the cost of the relators.

ELIJAH N. ZOLINE, attorney for plaintiffs in error.

E. S. CUMMINGS, attorney for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court.

" The better opinion seems to be that mandamus will not
lie to compel the setting aside of a change of venue." 13
Enc. Plead. & Prac. 549.

This is certainly the better rule where the provisions for
an appeal are so complete and generous as in this State.

But the affirmance of the judgment of the Superior Court does not necessarily rest upon that ground. The amended petition shows, among other things, that upon the application of the relators, Justice of the Peace Walter J. Gibbons granted a change of venue in each of the fifteen cases mentioned to Charles H. Hoglund, Justice of the Peace, and that when the " said fifteen cases reached the said Hoglund, Justice of the Peace, the attorney of your petitioners renewed before him their motion for a change of venue in all of the said fifteen cases to a disinterested justice of the peace."

It does not appear that any affidavits were filed with said Hoglund in support of the motion requesting him to change the venue of said cases, nor that the affidavits filed with said Gibbons were read to said Hoglund, or called to his attention.

The prayer of said petition is that the court " grant a mandamus compelling the said Charles H. Hoglund to transmit the above mentioned fifteen replevin cases back to the said Walter J. Gibbons, Justice of the Peace, and compelling the said Walter J. Gibbons, Justice of the Peace, to change the venue in all of the fifteen cases to a disinterested justice of the peace, who is not objected to on the ground of prejudice or interest in the said suits, in conformity with the statute in such cases made and provided."

A court of superior jurisdiction can not properly issue a writ of mandamus to compel an inferior court to do a thing which such inferior court has never been asked to do. If the demurrer to the amended petition had been overruled and a writ ordered, such writ must have directed said Hoglund, Justice of the Peace, to " transmit " said replevin cases " back to the said Justice Walter J. Gibbons, Justice of the Peace." But said Hoglund, Justice of the Peace, had never been requested to do that. The only motion made before him was " for a change of venue in all of the said fifteen cases."

Such a writ must also have commanded said Walter J. Gibbons, Justice of the Peace, to change the venue in all of

said cases; but said Gibbons, Justice of the Peace, had no jurisdiction in said suits when said petition was filed. The venue had been changed and the cases transmitted to Hoglund, Justice of the Peace.

A change of venue is a statutory right. There is no provision of the statute authorizing a second change of venue in the same case. Said Hoglund had no authority or right to change the venue in the cases which had come to him by change of venue from said Gibbons. The error, if any, was by Gibbons, Justice of the Peace, in sending said cases to Hoglund, Justice of the Peace. But such an error can not be reviewed or corrected by mandamus proceedings.

Said Gibbons granted a change of venue upon the motion and affidavit of the relators. Had he declined to grant such a change, it may be, perhaps, that mandamus would lie to compel him to grant it. But the complaint of the relators is that he did not grant such change in a particular manner. That can be reviewed only upon an appeal. The judgment of the Superior Court is affirmed.